

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------
MARGARET FELDER EL BAI,

        Plaintiff,

        v.

SUPREME COURT OF THE STATE OF
NEW YORK, COUNTY of KINGS, *et al.*,

        Defendants.
-----------------------------------

**MEMORANDUM & ORDER**
19-CV-6703 (KAM)(LB)

**MATSUMOTO**, United States District Judge:

    On November 19, 2019, plaintiff filed the instant *pro se* action, seeking five million dollars' worth of "compensation" for an alleged – yet ambiguous and unspecified – violation of 42 U.S.C. § 1983. (ECF No. 1, Complaint 4.) Among other things, plaintiff claims to not be "subject to [United States] jurisdiction" because she is a "member of the Yamasee Nation of Native Americans [and her] tribal nationality is Sovereign Moor." (*Id.* at 2.) Attached to the complaint are more than 50 pages of excerpts of miscellaneous materials, including, *inter alia*, dated court decisions, cover sheets, motion papers from other cases, and scanned reading material. (*See generally id.* at 8-66.)

    By letter dated November 27, 2019 and docketed December 2, 2019, the Clerk of Court informed plaintiff that her submission was deficient as she failed to pay the filing fee or

1

submit an application for *in forma pauperis* relief. Plaintiff was provided with the *in forma pauperis* form and instructed that in order to proceed, she was required to cure the deficiency within 14 days. On December 10, 2019, plaintiff returned the form - signed but otherwise blank - with a stamp across all pages, purporting to cite to *Crandall v. State*, 73 U.S. 35 (1867), and, on a separate page, the following statement: "All Sovereign, Private Civilian inhabitants shall have free access to all Judicial Courts of the several states. All Clerks and/or Deputy shall file all documents of paper for any/or all sovereign, private civilian inhabitants; Free and without charge of Fees." (ECF No. 4, Letter dated 12/4/19 from Margaret Felder El Bai.)

First, this quoted language, which is often cited in websites affiliated with self-identified groups such as the "Moorish Science Temple of America, Inc." and the "Moorish Divine National Movement of North America," is nowhere to be found in the United States Supreme Court's decision in *Crandall v. State*. Plaintiff's inaccurate quotation cannot be considered persuasive or controlling by the court. Second, as various courts across the country have held, *Crandall* has nothing to do with the statutory requirements under 28 U.S.C. § 1914 that a plaintiff must pay a filing fee or be excused by reason of *in forma pauperis* status under 28 U.S.C. § 1915. Rather, *Crandall*

concerns the right of American citizens to travel interstate. *See generally Gaul v. Chrysler Financial Services Americas, LLC.*, NO. 15-1337, 657 F. App'x 16 (2d Cir. July 1, 2016); *Eric v. Kansas,* No. 19-CV-4083, 2019 WL 5787950, at *2 (D. Kan. Nov. 6, 2019) (finding that "plaintiff's reliance on *Crandall* is misplaced as the Supreme Court there found 'the right of American citizens to travel interstate . . . was inherent in our union'") (citation omitted); *Neighbors v. Smith*, No. 17-cv-4028, 2017 WL 1951000, at *2 (D. Kan. May 11, 2017); *Walker v. Village. Court*, No. 17-cv-390, 2017 WL 4220415, at *1 (N.D.N.Y. Aug. 4, 2017); *Marrakush Society v. New Jersey State Police,* No. 09-2518 et seq., 2009 WL 2366132 (D.N.J. July 30, 2009).

Accordingly, the action is dismissed without prejudice. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully requested to mail this order to plaintiff at the address of record, note service on the docket, and close this case.

**SO ORDERED.**

/s/<br>KIYO A. MATSUMOTO<br>United States District Judge

Dated:  December 27, 2019
        Brooklyn, New York